Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

Kevin W. Fay (Pro Hac Vice)*
kfay@golomblegal.com
GOLOMB LEGAL, P.C.
One Logan Square
130 N. 18th Street, #1600
Philadelphia, PA 19103
Telephone: (215) 985-9177

* Admitted Pro Hac Vice

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA ALPERT, individually and on behalf of all others similarly situated,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>OPTAVIA LLC,<br><br>　　　　*Defendant*. | Case No. 3:22-cv-00434 DMS (MSB)<br><br>**PLAINTIFF'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 23, 2025<br>Time: 1:30 p.m.<br>Dept.: Courtroom 13A<br>Judge: Hon. Dana M. Sabraw |

**Table of Contents**

I.   The Court should finally certify the Settlement Class. ...........................................................1

II.  Class notice satisfied Rule 23(e) and Rule 23(c)(2)(B). .........................................................1

III. The Court should finally approve the Settlement. ..............................................................2

## Table of Authorities

**Cases**

*Asghari v. Volkswagen Grp. of Am.*, Inc.,
  2015 U.S. Dist. LEXIS 188824 (2015 WL 12732462) (C.D. Cal. May 29, 2015) .................... 3

*Chun-Hoon v. McKee Foods Corp.*,
  716 F. Supp. 2d 848 (N.D. Cal. 2010) ....................................................................................... 3

*Churchill Vill., L.L.C. v. GE*,
  361 F.3d 566 (9th Cir. 2004) ..................................................................................................... 3

*De Leon v. Ricoh USA, Inc.*,
  2020 U.S. Dist. LEXIS 56285 (2020 WL 1531331) (N.D. Cal. Mar. 31, 2020) ....................... 3

*Dennis v. Kellogg Co.*,
  2013 U.S. Dist. LEXIS 163118 (S.D. Cal. Nov. 14, 2013) ....................................................... 2

*Edwards v. Nat'l Milk Producers Fed'n*,
  2017 U.S. Dist. LEXIS 1452173 (N.D. Cal. June 26, 2017) .................................................... 2

*Hahn v. Massage Envy Franchising, LLC*,
  2016 U.S. Dist. LEXIS 196046 (S.D. Cal. Mar. 30, 2016) ....................................................... 2

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ..................................................................................................... 3

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,
  2013 U.S. Dist. LEXIS 123298 (C.D. Cal. July 24, 2013) ........................................................ 1

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..................................................................................................... 2

*Taylor v. Shutterfly, Inc.*,
  2021 U.S. Dist. LEXIS 237069 (N.D. Cal. Dec. 7, 2021) ......................................................... 3

**Statutes**

Fed. R. Civ. P. 23(e)(2) .................................................................................................................. 2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 23, 2025 at 1:30 pm in Courtroom 13A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101, Plaintiff Angelica Alpert moves this Court for entry of an order:

1. Finally certifying, for settlement purposes only, a Settlement Class in this matter comprised of: California customers enrolled in Optavia Premier from October 1, 2017 to March 17, 2022 and who had one automatic shipment and then cancelled;

2. Finally approving the class action Settlement as fair, adequate, and reasonable.

This Motion is unopposed by Defendant Optavia LLC and is based on the attached Memorandum of Law, supporting attachments, and any argument or evidence presented at the hearing.

Dated: May 9, 2025

Respectfully submitted,
By: */s/ Jonas B. Jacobson*
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

Kevin W. Fay, Esquire*
kfay@golomblegal.com
GOLOMB LEGAL P.C.
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Phone: (215) 985-9177
Fax:    (215) 985-4169

*Admitted Pro Hac Vice

*Counsel for Plaintiff and Class Counsel*

**MEMORANDUM OF LAW**

The Court previously reviewed the details of the Settlement when granting preliminary approval. *See* Dkt. 89-1 (Motion for Preliminary Approval) at 3-5 (summarizing the Settlement). The Settlement Class consists of all California customers enrolled in Optavia Premier from October 1, 2017 to March 17, 2022 and who received one automatic Optavia Premier shipment and then cancelled. Dkt. 92 at 1. Across over 48,500 Settlement Class Members, the Settlement provides over $3.4 million in direct benefits. The settlement automatically provides each Settlement Class Member with a $75 Optavia product credit, or alternatively $70 cash (at their election). Dkt. 89-2 (Agreement) § 2.27. The Court preliminarily approved the settlement as fair, reasonable, and adequate and conditionally certified the Settlement Class. Dkt. 92 at 1. The Settlement was well-received by the Settlement Class, with zero objections or opt-outs. All factors now support final certification and approval.

**I.    The Court should finally certify the Settlement Class.**

When no material facts have changed after a court preliminary certifies a settlement class, a court may finally certify the class on the same basis. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 123298, at *241 (C.D. Cal. July 24, 2013) (finally certifying a settlement class and stating "[n]othing has changed in the five-month period between that preliminary class certification and today that suggests to the Court that the class should be decertified"). Here, no material facts have changed since the Court preliminary certified the Settlement Class. So the Court may finally certify the Settlement Class on the same basis. *See* Dkt. 89-1 (Motion for Preliminary Approval) at 6-10 (addressing each relevant factor for certification); Dkt. 92 (Preliminary Approval Order) at 1 (conditionally certifying the Settlement Class on this basis).

**II.   Class notice satisfied Rule 23(e) and Rule 23(c)(2)(B).**

The Court previously approved the plan for direct class notice. *See* Dkt. 89-8 (Apex Declaration re Notice Plan); Dkt. 92 at 1 (approving the Notice Plan). The Settlement Administrator, Apex, executed that plan. Apex Declaration for Final Approval ("Apex Decl.") ¶¶3-9.  Direct email

or postcard notice was delivered to 99.5% of Settlement Class Members.[1] This near-universal notice is far more than required. *See Edwards v. Nat'l Milk Producers Fed'n*, 2017 U.S. Dist. LEXIS 1452173, at *19 (N.D. Cal. June 26, 2017) ("[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23."); *Dennis v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 163118, at *18 (S.D. Cal. Nov. 14, 2013) ("Rule 23 only requires that the notice be the 'best practicable under the circumstances.' It need not be perfect."). As executed, the notice plan satisfied Rule 23(e) and Rule 23(c)(2)(B).

### III. The Court should finally approve the Settlement.

A court may finally approve a class action settlement upon "finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (numbering added); *see Hahn v. Massage Envy Franchising, LLC*, 2016 U.S. Dist. LEXIS 196046, at *25-26 (S.D. Cal. Mar. 30, 2016) (Sabraw, J.) (applying these factors for final approval). When granting preliminary approval, the Court already considered factors (1)-(6) and found them satisfied. *See* Dkt. 89-1 (Motion for Preliminary Approval) at 10-14 (addressing each factor); Dkt. 92 (Preliminary Approval Order) at 1 (conditionally approving the Settlement). Because no material facts have changed, those factors remain satisfied.[2]

Factor (8), the reaction of class members, was not relevant to preliminary approval because the notice process was not yet complete. Now that it is complete, this factor too supports the

---

[1] The Notice Packet was sent to all 48,568 individuals listed in the Class List using email. Apex Decl. ¶6. An additional postcard Notice was sent to all 4,415 individuals whose email was deemed undeliverable or bounced back. *Id.* ¶7. Only 256 postcard Notices were returned as undeliverable. *Id.* at ¶9. Based on these numbers, a direct email or postcard notice reached 99.5% of Settlement Class Members (all but the 256 whose postcard notice was undeliverable).

[2] Factor (7), the presence of a governmental participant, is not relevant here.

settlement. "To gauge the reaction of other class members, it is appropriate to evaluate the number of requests for exclusion, as well as the objections submitted." *Asghari v. Volkswagen Grp. of Am., Inc.*, 2015 U.S. Dist. LEXIS 188824, at *68 (C.D. Cal. May 29, 2015). "Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *De Leon v. Ricoh USA, Inc.*, 2020 U.S. Dist. LEXIS 56285, at *34 (N.D. Cal. Mar. 31, 2020). Courts often approve Settlements that are met with exclusions and objections—so the absence of any here especially favors approval. *See e.g.*, *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming approval of settlement where "45 of the approximately 90,000 notified class members objected to the settlement," and 500 opted-out); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (class reaction was "overwhelming[ly] positive" where 4.86% of the class opted out). Here, there were zero objections or opt outs. Apex Decl. ¶¶10-11. This entirely positive reaction strongly supports final approval.

This rate of cash claims is also strong for this type of settlement (where there is automatic voucher relief available without making a claim). *See Taylor v. Shutterfly, Inc.*, 2021 U.S. Dist. LEXIS 237069, at *21 (N.D. Cal. Dec. 7, 2021) (approving settlement where the cash claims rate was approximately 2.5%); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944-45 (9th Cir. 2015) (affirming approval of settlement where less than 3.4% of class members filed claims). Among an estimated 48,568 Settlement Class members, 3,996 (about 8%) elected $70 in cash. Apex Decl. ¶12. And under the terms of the Settlement, all other class members will automatically receive a $75 voucher. *Id.*

In sum, all the factors that supported preliminary approval remain unchanged and support final approval. And the one new factor—the reaction of the Settlement Class—was entirely positive. The Court should finally approve the settlement and certify the Settlement Class. A proposed Final Approval Order is attached.

| | | |
|---|---|---|
| 1 | Dated: May 9, 2025 | Respectfully submitted, |
| 2 | | By: /s/ Jonas B. Jacobson |
| | | Jonas B. Jacobson (Cal. Bar No. 269912) |
| 3 | | jonas@dovel.com |
| 4 | | DOVEL & LUNER, LLP |
| | | 201 Santa Monica Blvd., Suite 600 |
| 5 | | Santa Monica, California 90401 |
| | | Telephone: (310) 656-7066 |
| 6 | | Facsimile: (310) 656-7069 |
| 7 | | Kevin W. Fay, Esquire* |
| | | kfay@golomblegal.com |
| 8 | | GOLOMB LEGAL P.C. |
| 9 | | One Logan Square |
| | | 130 N. 18th Street, #1600 |
| 10 | | Philadelphia, PA 19103 |
| | | Phone: (215) 985-9177 |
| 11 | | Fax:     (215) 985-4169 |
| 12 | | *Admitted Pro Hac Vice |
| 13 | | |
| 14 | | *Counsel for Plaintiff and Class Counsel* |